## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION


FLOSSIE W. McMURRY,

                    Plaintiff,                              Case No. 06-14069

v.

                                                           HON. AVERN COHN

GEICO INSURANCE COMPANY,
OLZA NICEROY, and JOSEPH THOMAS,

                    Defendants.
_____/


## ORDER OF DISMISSAL

### I.

Plaintiff Flossie W. McMurry, proceeding pro se, has filed a complaint against

Geico Insurance Company (Geico), Olza Niceroy, and Joseph Thomas (Thomas).  For

the reasons which follow, the complaint will be dismissed.

### II.

Because plaintiff paid the requisite filing fee, the complaint is not subject to

screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2).  Benson v. O'Brian,

179 F.3d 1014 (6th Cir. 1999).  A court generally may not sua sponte dismiss a

complaint where the filing fee has been paid unless the court gives the plaintiff notice

and the opportunity to amend the complaint.  Tingler v. Marshall, 716 F.2d 1109, 1111-

12 (6th Cir. 1983).  However, "a district court may, at any time, sua sponte dismiss a

complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal

Rules of Civil Procedure when the allegations of a complaint are totally implausible,

Dockets.Justia.com

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."
Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999).  When reviewing pro se
complaints, the Court must employ standards less stringent than if the complaint had
been drafted by counsel.  Haines v. Kerner, 404 U.S. 519 (1972).

III.

A.

The Court has read the complaint; it is virtually unintelligible.  From what can be
gleaned from the complaint and attached papers, plaintiff had an automobile insurance
policy with Geico.  Plaintiff had air bags allegedly stolen from her car in November 2000
which she submitted as a claim to Geico.  Geico paid $2,200.00 for the air bags.
Plaintiff then requested rental coverage for transportation costs associated with the
incident.  The policy capped rental benefits at $600.00, however, plaintiff requested
$1500.00 for her rental expenditures.

In 2002, plaintiff sued Geico and Thomas in 36th District Court.  Geico and
Thomas filed a motion for summary disposition.  Before the motion was heard, however,
the district court granted a default judgment against Geico and Thomas in the amount of
$1535.00 ($1500.00 plus filing fee).  Geico and Thomas appealed to Wayne County
Circuit Court.  The Circuit Court reversed the grant of the default judgment and
remanded the case for a hearing on the pending summary disposition motion.  The
hearing was held in 36th District Court on June 27, 2006 at which time Geico agreed to
pay plaintiff the $600.00 policy limit.  The district court stated it would enter judgment for
plaintiff in that amount plus costs, for a total of $707.00.

On September 15, 2006, plaintiff filed the instant complaint against Geico,
Thomas and Olza Niceroy.  She claims breach of contract, intentional infliction of

2

emotional distress, and violation of the Michigan Uniform Trade Practice Act.  She also alleges that the Circuit Court's opinion reversing the default judgment contains false statements.

B.

Plaintiff's complaint must be dismissed under the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Under Rooker-Feldman, an inferior district court cannot perform an appellate review of state court decisions.  Id.  This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996).  Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. § 1257; Feldman, 460 U.S. at 476.

A fair reading of the complaint reveals that plaintiff's federal case is an impermissible attack of the decisions of the Wayne County Circuit Court and the 36th District Court relating to the same issues raised in the complaint.  Because plaintiff is really seeking federal court review of state court decisions, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction.

Moreover, although plaintiff says jurisdiction is based on diversity of citizenship, she does not state the citizenship of any of the defendants or demonstrate that the requisite amount in controversy, $75,000.00, is met.  Based on the allegations in the complaint, it is not reasonably likely that the case involves a dispute worth at least $75,000.00.  This is true despite plaintiff's request for $425,000.00.  Thus, the complaint is also subject to dismissal on this ground.

IV.

For the reasons stated above, plaintiff's complaint is DISMISSED under Fed. R.

Civ. P. 12(b)(1).

SO ORDERED.


  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 20, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 20, 2006, by electronic and/or ordinary mail.


  s/Julie Owens
Case Manager, (313) 234-5160